| | |
|---|---|
| DISTRICT COURT, MESA COUNTY, COLORADO<br>125 North Spruce Street, Grand Junction, CO 81501 | DATE FILED: March 21, 2018 2:10 PM<br>FILING ID: FB34A86E50B7F<br>CASE NUMBER: 2018CV30142 |
| Plaintiff:   Denise Distel<br><br>v.<br><br>Defendant:   State Farm Mutual Automobile Insurance Company | ☐   **COURT USE ONLY**   ☐ |
| Nicholas W. Mayle, Esq.                    No. 38252<br>KILLIAN DAVIS Richter & Mayle, PC<br>202 North Seventh Street<br>Post Office Box 4859<br>Grand Junction, Colorado 81502<br>Telephone: (970) 241-0707<br>Attys. for Plaintiff: Denise Distel | Case No.<br><br><br>Div. |
| **COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND JURY DEMAND** | |

      Plaintiff, Denise Distel, through her attorneys of record, KILLIAN DAVIS Richter & Mayle, PC, hereby submits this Complaint for Damages, Declaratory Judgment, and Jury Demand, and alleges as follows:

### JURISDICTION AND VENUE

      1.    On August 3, 2015, and all times relevant hereto, plaintiff Denise Distel ("Distel") was a resident of Colorado.

      2.    State Farm Mutual Automobile Insurance Company ("State Farm") is a foreign corporation registered in the state of Illinois.

      3.    State Farm is authorized to do business in Colorado and does business in Mesa County, Colorado.

      4.    State Farm issued automobile insurance policy number 1FTHX26G6VEB06445 to Distel.

      5.    State Farm automobile insurance policy number 1FTHX26G6VEB06445 insured Distel's 1997 Ford F250.

      6.    State Farm also issued automobile insurance policy number

31C4SDJET0CC240707 to Distel.

7.    State Farm automobile insurance policy number 31C4SDJET0CC240707 insured Distel's 2012 Dodge Durango.

8.    State Farm also issued automobile insurance policy numbers 4XTTS30237C669171 and 1HGCG56461A054660 to Distel.

9.    State Farm received separate insurance premiums for each policy of insurance.

10.    This policies of insurance with State Farm are contracts.

11.    The contracts with State Farm were entered into in Colorado.

12.    The State Farm automobile policies were valid and in effect on August 3, 2015.

13.    The State Farm policies insured Distel for underinsured motorist ("UIM") coverage.

14.    The State Farm automobile policies provided UIM coverage of $100,000 per person and $300,000 per occurrence.

15.    Hereinafter, the above referenced State Farm automobile policy numbers will be referred to collectively as the "State Farm policy."

16.    Jurisdiction is proper for plaintiff's claims for declaratory judgment pursuant to C.R.C.P. 57(a) and (b), section 13-51-106, C.R.S., and section 13-51-107, C.R.S.

17.    Venue is proper.

## GENERAL ALLEGATIONS

18.    Plaintiff incorporates by reference every paragraph of this Complaint.

19.    On August 3, 2015, at approximately 7:53 a.m., Distel was the restrained operator of her 2012 Dodge Durango.

20.    The 2012 Dodge Durango was insured under the State Farm policy.

21.    Distel was approaching the intersection of Main Street and Selig Avenue in Montrose, Colorado.

22.    Distel stopped directly behind a 1997 Ford vehicle in the inside lane of travel, facing east.

23.    At that time, a 1991 Ford Ranger, operated by Julieta Castro was driving eastbound on Main Street approaching the intersection of Main Street and Selig Avenue.

24.    Castro did not stop for the traffic ahead and collided with the rear of Distel's

Dodge Durango.

25. The collision caused the front of Distel's Dodge Durango to strike the rear of the 1997 Ford in front of her.

26. Following an investigation, Officer B. Rumbaugh cited Julieta Castro for Careless Driving.

27. At the time of the collision, it was daylight and there were no adverse weather conditions.

28. Castro caused the collision.

29. Castro was negligent.

30. Distel did not cause the collision.

31. Distel was not negligent.

32. No other party caused or contributed to the collision except Castro.

33. Distel was injured as a result of the collision.

34. Distel received medical treatment as a result of the collision.

35. Distel incurred medical expenses as a result of the collision.

36. Distel has been recommended to undergo additional medical treatment as a result of the collision.

37. Distel has permanent impairment as a result of the collision.

38. Distel sustained injuries, damages, and losses as a result of the collision.

39. Castro was negligent *per se* in violating the Colorado laws against: driving carelessly, section 42-4-1402, C.R.S., and following too closely, section 42-4-1008, C.R.S.

40. Castro's negligence and negligence *per se* were a cause of Distel's injuries, damages, and losses.

41. The vehicle Castro was driving also insured by Sentry Insurance.

42. The vehicle Castro was driving had bodily injury insurance coverage of $25,000 per person.

43. Distel settled her liability claim against Castro under Sentry Insurance Coverage for the policy limit of $25,000.

44. State Farm provided written permission for Distel to settle her liability claim with

Castro.

45. As a result of the collision, Distel incurred injuries, damages, and losses exceeding $25,000.

46. Castro was underinsured.

47. The purpose of the underinsured motorist insurance coverage with State Farm is to provide benefits to insureds in the event they are injured by an underinsured motorist.

48. State Farm received premiums to provide UIM coverage under the insurance policy.

49. Distel is an insured under the State Farm policy.

50. Distel presented a request for UIM benefits to State Farm.

51. State Farm delayed in evaluating Distel's claim for UIM benefits.

52. State Farm denied Distel's claim for sufficient UIM benefits.

53. An insurance company has a duty to act in the interests of its insured.

54. State Farm has not acted in Distel' interest.

55. An insurance company must treat its insured's interests with equal regard as it does its own interests.

56. State Farm has not treated Distel's interest with equal regard to its own.

57. An insurance company should assist its insured with the claim.

58. State Farm has not assisted Distel with the claim.

59. An insurance company must conduct a full, fair, and prompt investigation of the claims at its own expense.

60. State Farm has not conducted a full, fair, and prompt investigation of Distel's claim.

61. Distel provided State Farm her medical records.

62. An insurance company should pay its insureds all benefits they are owed.

63. State Farm has not paid Distel all of the benefits she is owed.

64. An insurance company may not speculate in evaluating a claim.

4

65. State Farm has speculated in evaluating Distel's claim.

66. An insurance company should give a complete written explanation to its insured of how it evaluates the claim.

67. State Farm has not given Distel a written explanation of how it has evaluated Distel's claim.

68. State Farm has refused to provide information to Distel regarding how it evaluated the claim.

69. An insurance company may not make unreasonably low settlement offers.

70. State Farm made unreasonable low settlement offers to Distel.

71. State Farm offered Distel $10,000 in resolution of her claim.

72. State Farm later increased its offer to $15,000.

73. A UIM insurance carrier should pay its insured the undisputed amount of the claim.

74. State Farm did not pay Distel the undisputed value of the claim.

75. An insurance company must provide a claimant with 9% annual interest on any damages and losses the claimant has.

76. State Farm did not offer Distel any amount for interest on her damages and losses.

77. An insurance company must consider all of the information the insured has submitted.

78. State Farm did not consider all of the information Distel submitted.

79. State Farm reduced its evaluation of Distel's UIM claim by the value of her medical payment benefits.

80. A UIM insurance company may not reduce its evaluation of the value of a claimant's UIM claim by the amount of medical payment benefits that have been paid.

81. An insurance company should not base its evaluation of a claim on opinions that are unsupported in the claim file.

82. State Farm based its evaluation of Distel's claim on opinions that were unsupported in the claim file.

83. An insurance company should give its insured the benefit of the doubt in evaluating the claim.

84. State Farm did not give Distel the benefit of the doubt.

85. State Farm frequently changed the adjusters who were handling Distel's claim.

86. This resulted in a delay in her claim as each new adjuster had to attempt to become familiar with the file.

87. State Farm assigned too many cases to each adjuster who was assigned to Distel's claim, which prevented them from promptly and fairly evaluating Distel' claim.

88. State Farm did not respond to letters and calls from Distel through her counsel regarding her claim.

89. State Farm did not take Distel's claim seriously.

90. An insurance company owes a higher duty of care to first party claimants than it does to third party claimants.

91. State Farm handled Distel's claim as it would a third-party claimant.

92. As a result of the collision, Distel incurred injuries, damages, and losses exceeding the amount of her available UIM benefits.

93. State Farm did not offer Distel the full amount of her available UIM benefits.

94. During the pendency of her UIM claim, Distel provided State Farm supplemental information which increased the value of her claim.

95. State Farm did not offer Distel any additional UIM benefits after receiving additional information which increased the value of her claim.

96. Distel incurred injuries, damages, and losses as a result of State Farm's handling of the UIM claim.

97. State Farm has forced Distel to file suit against it in order to recover her UIM benefits.

### **FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT FOR UIM BENEFITS**
### **CJI-Civ. 30:1 (CLE ed. 2012)**

98. Plaintiff incorporates by reference every paragraph of this Complaint.

99. Castro had a total of $25,000.00 in automobile liability insurance coverage under her insurance coverage.

100. As a result of the collision, Distel incurred injuries, damages, and losses.

101. Distel settled her liability claim with Castro for the policy limits of $25,000.

6

102. Distel's damages from the collision exceed the $25,000.00 in automobile liability benefits available under Castro's policy.

103. Castro is an underinsured motorist under the terms and conditions of the State Farm policy.

104. Distel is legally entitled to receive UIM benefits under the State Farm policy.

105. The State Farm policy is a contract.

106. State Farm is responsible to Distel to the same extent as Castro for the injuries, damages, and losses Distel sustained in the collision.

107. The UIM coverage provided under the State Farm policy may be "stacked" on the automobile liability coverage of Castro's policy.

108. Distel has made a request for UIM benefits under the State Farm policy.

109. Distel has provided State Farm with information adequate for it to evaluate and pay Distel's claim for UIM benefits.

110. Distel has cooperated with State Farm.

111. Distel has provided State Farm with all of the documents and information that it has requested.

112. State Farm did not indicate to Distel that it required any additional information to evaluate her claim.

113. Distel has complied with all the terms and conditions precedent to recover UIM benefits under the State Farm policy.

114. State Farm has failed and refused, without lawful justification, to offer to pay Distel sufficient UIM benefits under the State Farm policy to cover her damages from the collision.

115. State Farm has breached the terms and conditions of the State Farm policy by failing to offer to pay Distel sufficient UIM benefits to cover her damages from the collision.

116. Distel has incurred injuries, damages, and losses as a result State Farm's breach of the State Farm policy.

**SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT FOR UIM BENEFITS PURSUANT TO C.R.C.P. 57 AND SECTIONS 13-51-101, C.R.S. et seq.**

117. Plaintiff incorporates by reference every paragraph of this Complaint.

118. Distel was an insured under the terms and conditions of the State Farm policy.

119. The State Farm policy is a valid, binding contract to provide UIM coverage to Distel.

120. Distel is legally entitled to recover UIM benefits from State Farm.

121. State Farm has not offered to pay Distel sufficient UIM benefits to cover her damages from the collision.

122. There is a current and justiciable dispute that this court can resolve.

123. Distel is entitled to and seeks an order declaring that she is entitled to the full amount of available UIM benefits under the State Farm policy.

124. Section 13-51-107, C.R.S., provides that an insurance contract may be construed either before or after there has been a breach thereof.

125. Distel seeks an order directing State Farm to pay her UIM benefits under the State Farm policy in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF – BAD FAITH BREACH OF INSURANCE CONTRACT FOR DENIAL OF SUFFICIENT UIM BENEFITS CLAIM
### CJI-Civ.: 25:2, 25:7. 25:8

126. Plaintiff incorporates by reference every paragraph of this Complaint.

127. Distel sustained injuries, damages, and losses in the collision.

128. State Farm acted unreasonably in denying sufficient payment of Distel's claim for UIM benefits under the State Farm policy.

129. State Farm knew that denial of Distel's claim for the full amount of her UIM benefits was unreasonable or recklessly disregarded the fact that the denial was unreasonable.

130. State Farm denied Distel's claim for the full amount of her UIM benefits with knowledge of facts which indicated that its position lacked a reasonable basis or with deliberate indifference to information concerning Distel's claim.

131. State Farm's denial of Distel's claim for the full amount of her UIM benefits constitutes a breach of the duty of good faith and fair dealing it owed to Distel under the State Farm policy.

132. Distel has incurred injuries, damages, and losses as a result of State Farm's

unreasonable denial of her claim for sufficient UIM benefits under the State Farm policy.

### FOURTH CLAIM FOR RELIEF – UNREASONABLE DENIAL OF CLAIM FOR SUFFICIENT UIM BENEFITS PURSUANT TO SECTIONS 10-3-1115 AND 10-3-1116, C.R.S.
### CJI-Civ. 25:4

133. Plaintiff incorporates by reference every paragraph of this Complaint.

134. State Farm is engaged in the business of insurance.

135. Distel is a "first-party claimant" within the meaning of section 10-3-1115(1)(a)(I), C.R.S.

136. Distel sustained injuries, damages, and losses in the collision.

137. State Farm has unreasonably delayed in evaluating Distel's UIM claim.

138. State Farm denied Distel's claim for payment of the full amount of her UIM benefits without a reasonable basis for its action.

139. State Farm's unreasonable delay and denial of Distel's claim for payment of sufficient UIM benefits caused Distel injuries, damages, and losses.

140. Distel is entitled to recover reasonable attorneys' fees, court costs, and two times the covered benefit.

### DAMAGES
### CJI-Civ. 6:1A, 25:9

141. Plaintiff incorporates by reference every paragraph of this Complaint.

142. Castro's negligence and negligence per se caused Distel to incur past and future economic injuries, damages, and losses, including reasonable and necessary medical expenses including, but not limited to, physician, physical therapy, surgery and prescription expenses.

143. Castro's negligence and negligence per se caused Distel to incur past and future non-economic injuries, damages, and losses, including pain and suffering, inconvenience, emotional stress, and impairment of the quality of life.

144. Castro's negligence and negligence per se caused Distel to sustain permanent physical impairment.

145. State Farm is liable to the same extent as Castro for Distel's injuries, damages, and losses.

146. State Farm's unreasonable conduct and bad faith breach of the State Farm policy in denying Distel's claims for sufficient UIM benefits caused Distel to incur past and future economic injuries, damages, and losses, including reasonable and necessary medical expenses including, but not limited to, physician, physical therapy, surgery, and prescription expenses.

147. State Farm's unreasonable conduct and bad faith breach of the State Farm policy in denying Distel's claim for sufficient UIM benefits caused Distel to incur past and future non-economic injuries, damages, and losses, including pain and suffering, inconvenience, emotional stress, and impairment of the quality of life.

WHEREFORE, plaintiff requests:

A. A jury trial on all issues;

B. The court enter a judgment against the defendant for a monetary sum to be proven at trial on plaintiff's claim for breach of contract for UIM benefits;

C. The court enter a judgment declaring that defendant is obligated under the State Farm policy to pay sufficient UIM benefits to plaintiff;

D. The court enter a monetary judgment against defendant for monies owed under the State Farm policy for UIM benefits in an amount to be proven at trial;

E. The court enter a judgment against the defendant for a monetary sum to be proven at trial on plaintiff's claim for a bad faith breach of the State Farm policy in denying plaintiff's claim for sufficient UIM benefits;

F. The court enter a judgment against the defendant for a monetary sum equal to two times the amount of UIM benefits proven at trial, pursuant to sections 10-3-1115 and 10-3-1116, C.R.S.;

G. The court enter an order that defendant pay plaintiff pre-judgment and post-judgment interest;

H. The court enter an award in favor of plaintiff for the costs of litigation including, but not limited to court costs and expert witness fees;

I. The court enter an order awarding plaintiff reasonable attorney's fees;

J. An award of two times the covered benefit under sections 10-3-1115 and 10-3-116, C.R.S.; and

K. Such other further relief that the court deems just and proper.

DATED this 21st day of March, 2018.

KILLIAN, DAVIS, RICHTER & MAYLE, P.C.

*Duly authorized original signature on file at the offices of KILLIAN DAVIS Richter & Mayle, PC pursuant to C.R.C.P. 121, section 1-26(9)*

/s/ Nicholas W. Mayle
Nicholas W. Mayle          No. 38252
Attorney for Plaintiff

Plaintiff's Address:
c/o KILLIAN, DAVIS, RICHTER & MAYLE, P.C.
202 North Seventh Street
Grand Junction, Colorado 81502